IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steven W. Littlejohn, | ) | C/A No. 0:11-889-RMG-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden of Tyger River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Steven W. Littlejohn ("Littlejohn"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 22.) Littlejohn filed a response in opposition to the respondent's motion (ECF No. 35) and a motion for an extension of time (ECF No. 34). Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Littlejohn's motion for an extension of time should be denied.

## BACKGROUND

Littlejohn was indicted in May 2006 in Cherokee County for possession with intent to distribute cocaine near a school (07-GS-11-413), possession with intent to distribute crack cocaine near a school (07-GS-11-414), possession with intent to distribute crack cocaine (07-GS-11-415), and trafficking in cocaine, 28-100 grams, third offense (07-GS-11-416). Littlejohn was represented by J. Roger Poole, Esquire, and on May 21, 2007 pled guilty pursuant to a negotiated plea

agreement.[1] (App. at 114-29, ECF No. 23-2 at 14-29.) The circuit court sentenced Littlejohn to fifteen years' imprisonment for trafficking in cocaine, fifteen years' imprisonment for possession with intent to distribute crack cocaine, ten years' imprisonment for possession with intent to distribute cocaine near a school, and ten years' imprisonment for possession with intent to distribute crack cocaine near a school, all sentences to be served concurrently. (App. at 131, ECF No. 23-2 at 31.) Littlejohn did not file a direct appeal.

On August 17, 2007, Littlejohn filed a *pro se* application for post-conviction relief ("PCR") in which he raised an allegation of ineffective assistance of counsel. (Littlejohn v. State of South Carolina, 07-CP-11-495; App. at 10-16, ECF No. 23-1 at 12-18.) The State filed a return. (App. at 21-25, ECF No. 23-1 at 23-27.) On December 26, 2007, Littlejohn, through counsel Rodney Richey, Esquire, filed an amended PCR application that elaborated on this ground, as summarized by the PCR court:

1. Ineffective assistance of trial counsel:

    a. Failure to discharge professional responsibilities,

    b. Failure to challenge Applicant's arrest and seizure,

    c. Failure to act as diligent, conscientious advocate,

    d. Failure to give complete loyalty,

    e. Failure to keep Applicant's best interest in mind,

    f. Failure to serve cause in good faith,

    g. Failure to investigate,

---

[1] Pursuant to the negotiated plea agreement, the State allowed Littlejohn to plead guilty to the charge of trafficking in cocaine, but treated it as a second offense rather than a third offense. The reduced charge carries a minimum sentence of seven years and a maximum of thirty years.

> h. Failure to do necessary legal research,
>
> i. Failure to advise Applicant of rights,
>
> j. Failure to explain the issues of the case to the Applicant,
>
> k. Failure to consult with Applicant or keep Applicant informed,
>
> l. Failure to discuss elements of crime,
>
> m. Failure to inform Applicant of or pursue available defenses,
>
> n. Failure to explain alternative options,
>
> o. Failure to oppose prosecutor's case with any adversarial litigation,
>
> p. Failure to call alibi witness, and
>
> q. Failure to appeal when Applicant desired such.

(App. at 2-3, ECF No. 23-1 at 4-5; App. at 17-20, ECF No. 23-1 at 19-22.)

On April 8, 2008, the PCR court held an evidentiary hearing at which Littlejohn appeared and testified and was represented by John R. Ferguson, Esquire. (App. at 26-106, ECF No. 23-1 at 28 through ECF No. 23-2 at 6.) By order filed August 21, 2008, the PCR judge denied and dismissed with prejudice Littlejohn's PCR application. (App. at 1-8, ECF No. 23-1 at 3-10.) Through counsel, Littlejohn filed a Rule 59(e) motion to alter or amend the PCR court's order of dismissal. (App. at 133-39, ECF No. 23-2 at 33-39.) On November 19, 2008, the PCR court denied Littlejohn's motion. (App. at 9, ECF No. 23-1 at 11.)

In his PCR appeal, Littlejohn continued to be represented by John R. Ferguson, Esquire, who filed a petition for a writ of certiorari on June 24, 2009. While his petition listed numerous questions on appeal, Littlejohn presented his claims under the following arguments:

> I. Petitioner was prejudiced by the failure of his attorney to convey to him the State's plea proposal of a five year sentence.

PJG

II. Petitioner was prejudiced by his attorney's failure to inform him that the State's second plea offer came with an expiration date.

III. The Court below erred in failing to find that Petitioner's plea was coerced.

IV. The Court below erred in finding that trial counsel made an adequate investigation of the facts.

V. The Court below erred in failing to find that Petitioner's trial counsel was ineffective.

VI. The Court below erred in failing to find that the State was barred from withdrawing its second plea offer.

(Id.) On September 9, 2009, the State filed a motion to correct the record and file a supplemental index. (ECF No. 23-5.) Littlejohn filed a response in opposition to the State's motion. (ECF No. 23-6.) The South Carolina Supreme Court granted the State's motion by order dated January 21, 2010. (ECF No. 23-8.) In its order, the Court also denied Littlejohn's petition for a writ of certiorari as to arguments I, III, IV, V, and VI, but reserved ruling on argument II until after the State filed its return. (Id.) The State filed its return on February 22, 2010 (ECF No. 23-9) and Littlejohn filed a reply (ECF No. 23-10). By letter order filed June 25, 2010, the South Carolina Supreme Court denied the remaining issue of Littlejohn's petition for a writ of certiorari. (ECF No. 23-12.) Littlejohn filed a motion for reconsideration (ECF No. 23-13) which was denied by letter order on July 22, 2010 (ECF No. 23-14). The remittitur was issued on July 22, 2010. (ECF No. 23-15.)

## FEDERAL HABEAS ISSUES

In Littlejohn's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:** Ineffective Assistance of Counsel – Sixth Amendment Violation

**Ground Two:** Due Process – 14th Amendment Constitutional Violation – Procedural Bar

(Pet., ECF No. 1.)

PJG

**DISCUSSION**

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.

PJG

See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

C.   **Respondent's Motion for Summary Judgment**

   1.   **Statute of Limitations**

The respondent argues that Littlejohn's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). However, in his response in opposition, Littlejohn points out that the respondent erroneously calculated the statute of limitations deadline in that the date that the South Carolina Supreme Court issued its remittitur following the denial of Littlejohn's petition for a writ of certiorari was July 22, 2010 rather than June 22, 2010. (Petr.'s Resp. Opp'n Summ. J., ECF No. 35 at 2-3.) A review of the record reveals that Littlejohn's federal Petition was timely filed. Accordingly, the court will address the merits of Littlejohn's Petition.

2.   **Ground One**

In Ground One, Littlejohn states that he was denied his Sixth Amendment right to effective assistance of plea counsel. In support of this ground, Littlejohn first argues that the South Carolina Supreme Court violated his Sixth Amendment and due process rights by denying his claims of ineffective assistance of counsel. As an initial matter, the South Carolina Supreme Court did not reach the merits of any of Littlejohn's claims; rather, it denied Littlejohn's petition for certiorari. Littlejohn has failed to demonstrate or articulate how the state Supreme Court's decision to deny discretionary review violated his constitutional rights such that he would be entitled to habeas relief. To the extent that Littlejohn's claim can be construed to allege that the state courts unreasonably misapplied clearly established federal law as decided by the United States Supreme Court or made "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" in reviewing his claim for ineffective assistance of counsel, the court finds that Littlejohn has failed to demonstrate that he is entitled to habeas relief.[2] 28 U.S.C. § 2254(d)(1), (2).

The gist of Littlejohn's argument in support of Ground One of his Petition is that plea counsel was ineffective in failing to advise him that the State's original offer—which included the reduction of a charge and a sentencing range of seven to thirty years' imprisonment—had an expiration date. Littlejohn also argues that plea counsel failed to adequately investigate his case.

By way of background, the undisputed record reveals that Littlejohn was charged with possession with intent to distribute cocaine near a school (07-GS-11-413), possession with intent to distribute crack cocaine near a school (07-GS-11-414), possession with intent to distribute crack

---

[2] The respondent argues that Littlejohn is not properly challenging the PCR court's denial of his ineffective assistance of counsel claim; however, the court finds that Littlejohn's Petition, liberally construed, may be asserting this claim and therefore addresses it out of an abundance of caution.

cocaine (07-GS-11-415), and trafficking in cocaine, 28-100 grams, third offense (07-GS-11-416). The State originally offered to reduce Littlejohn's trafficking charge to a second offense with a recommended sentence of seven to thirty years, rather than have Littlejohn face the mandatory minimum of twenty-five years for a third offense trafficking charge. On the day that Littlejohn's case was called for trial, Litlejohn indicated that he wished to accept the State's plea offer; however, the State indicated that the original offer had expired. The State informed Littlejohn that the current offer would still reduce the trafficking charge to a second offense, however, the sentence would be a negotiated sentence of fifteen years, rather than a sentencing range. At first Littlejohn indicated to the court that he would not accept this new offer and requested that the court require the State to honor its previous offer. After the court denied Littlejohn's request and granted him thirty additional days to prepare for trial, Littlejohn ultimately accepted the new plea offer.

A defendant has a constitutional right to the effective assistance of counsel. This right extends to the negotiation of a plea bargain and the plea proceedings. Padilla v. Kentucky, 130 S. Ct. 1473 (2010); see also Lafler v. Cooper, 132 S. Ct. 1376 (2012); Missouri v. Frye, 132 S. Ct. 1399 (2012). To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "[3] Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla, 130 S. Ct. at 1485).

---

[3] With regard to plea offers, the United States Supreme Court has recently held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 132 S. Ct. at 1408. The Court further held that to establish prejudice "where a plea offer has lapsed or been rejected because of counsel's deficient performance, [petitioners] must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." Frye, 132 S. Ct. at 1409. Such petitioners "must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." Id. In these cases, the petitioner must also "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time" to demonstrate prejudice. Id. However, because the standards espoused in Frye were not clearly established at the time of the state court's decision, the court concludes that Frye is not applicable to federal habeas review of Littlejohn's case. See Lockyer v. Andrade, 538 U.S. 63, 71 (2003) ("Section 2254(d)(1)'s 'clearly established' phrase refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.") (internal quotation marks and citation omitted).

*PJG*

The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court).

The PCR court specifically addressed Littlejohn's allegation that plea counsel was ineffective in failing to inform him that the solicitor's plea offer would not remain open indefinitely. In rejecting Littlejohn's argument that counsel was ineffective, the PCR court observed that

> [d]uring the PCR hearing, trial counsel testified regarding the plea offer. Trial counsel explained that he had secured a plea offer with a recommended sentence of seven to thirty years, but the Applicant delayed acceptance. Trial counsel testified that he urged the Applicant to accept the plea, but the Applicant did not feel ready. By the time the Applicant went to court to plea, the plea offer had changed to a negotiated sentence of fifteen years. Trial counsel attempted to get the original offer, but the solicitor, in his discretion, would only honor the second plea agreement.
>
> Trial counsel also testified that the Applicant pled voluntarily. Trial counsel had made the Applicant aware that should a jury find him guilty, the Applicant would receive a minimum sentence of twenty-five years. Additionally, trial counsel noted that while out on bond for the charges at hand, the Applicant revoked his bond and the solicitor indicted the Applicant on new drug charges. However, when the Applicant agreed to the fifteen year negotiated sentence, the solicitor did not pursue these charges. Thus, in making his decision to plea, the Applicant avoided a possible

Page 11 of 18

PJG

minimum sentence of twenty-five years and further prosecution from the State on the new charges acquired while the Applicant was out on bond.

(App. at 4-5, ECF No. 23-1 at 6-7.) Plea counsel unsuccessfully sought for the solicitor to reinstate the original offer. (Id.) Although Littlejohn disputes some of plea counsel's testimony, such as that by accepting the negotiated fifteen-year plea he avoided further prosecution from the State on new charges, the PCR court appears to have found plea counsel's testimony credible and rejected Littlejohn's. Further, the PCR court concluded that Littlejohn failed to demonstrate that plea counsel was ineffective.

Littlejohn argues that plea counsel was deficient in failing to inform him that the original plea offer had an expiration date. To demonstrate prejudice, Littlejohn argues that if plea counsel had advised him that the original plea had an expiration date he would have accepted the original plea offer before it expired as opposed to entering the negotiated fifteen-year plea.[4] Finally, Littlejohn relies on the South Carolina Supreme Court's holding in Davie v. State, 675 S.E.2d 416 (S.C. 2009), in arguing that the state courts erred in failing to find that his plea counsel was ineffective.[5]

The court observes that the solicitor who made the original plea offer testified that his general practice in making plea offers was to include an expiration date. (See App. at 82, ECF No. 23-1 at 84.) However, plea counsel testified that when Littlejohn's case was called for trial, he and Littlejohn arrived at the courthouse intending to accept the initial plea offer and they were surprised to learn that the offer had been withdrawn, indicating that counsel was unaware that the original plea

---

[4] The parties do not appear to dispute that the original plea offer may have resulted in Littlejohn receiving a lesser sentence.

[5] The court notes that the relevant question is not whether the state courts misapplied state law, but rather, whether the decision was contrary to, or involved an unreasonable application of, clearly established *federal* law.

Page 12 of 18

PJG

offer had an expiration date and that the offer would not be available when Littlejohn decided to enter a plea.[6] (App. at 64-65, ECF No. 23-1 at 66-67.) Further, the record does not refute that plea counsel informed Littlejohn of the original plea offer, which Littlejohn did not immediately accept. (See App. at 63-65, ECF No. 23-1 at 65-67.) Finally, Littlejohn's argument that if plea counsel had objected to the withdrawal of the original plea offer, the plea court may have been persuaded to impose the original offer is not supported by the record or state law. (See App. at 111-12; ECF No. 23-2 at 11-12); see, e.g., Custodio v. State, 644 S.E.2d 36, 39 (S.C. 2007) ("The State may withdraw from a plea bargain arrangement at any time prior to, but not after, the actual entry of the guilty plea by defendant or any other change of position by him constituting detrimental reliance upon the arrangement. Detrimental reliance may be demonstrated where the defendant performed some part of the bargain; for example, where the defendant provides beneficial information to law enforcement.").

Littlejohn also alleges that plea counsel was ineffective in failing to properly investigate his case.[7] Upon reviewing this claim, the PCR court found that plea counsel "completed a satisfactory investigation and kept [Littlejohn] abreast of the discovery in a timely manner." (App. at 5, ECF No. 23-1 at 7.) Plea counsel testified that he filed a Rule 5 and Brady motion and, upon reviewing the discovery, believed that Littlejohn did not have a ground to challenge the search warrant and did not

---

[6] The court notes that the solicitor informed plea counsel of the plea offer orally, so the record contains no written plea offer with an explicit expiration date.

[7] In response to the respondent's motion, Littlejohn also argues that counsel was ineffective in failing to file a motion for a change of venue; however, that issue was not included in Littlejohn's Petition and is not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

have a viable defense to the charges. (App. at 63, 67-68, ECF No. 23-1 at 69-70.) The record demonstrates that Littlejohn did not indicate that he wanted a trial but always wanted to plead guilty. Littlejohn testified that plea counsel should have investigated several items he requested, such as gift cards that Littlejohn alleges were missing after his home was searched and the release of the arresting officer from the police force. However, the record does not demonstrate that further investigation by plea counsel would have changed the result of the proceedings.

Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds that Littlejohn has failed to demonstrate that the PCR court made an unreasonable determination of the facts or that the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established *federal* law as set forth by the United States Supreme Court at the time of the state court's decision.[8] See Hill, 474 U.S. 52; Strickland, 466 U.S. 668; see also Lockyer, 538 U.S. at 71. As observed by the Harrington Court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785. Based on the foregoing, the court finds that Littlejohn has failed to demonstrate that he is entitled to federal habeas relief.

---

[8] Moreover, after the South Carolina Supreme Court denied Littlejohn's petition for certiorari and while his petition was pending in this court, the United States Supreme Court expounded on the prejudice prong of the Strickland test in situations where a plea offer has lapsed or been rejected due to counsel's deficient performance. See Missouri v. Frye, 132 S. Ct. 1399 (2012). Even if Frye applied to Littlejohn's case and assuming that he could demonstrate that counsel was deficient, he cannot demonstrate prejudice under this standard. Littlejohn has failed to show "a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." Frye, 132 S. Ct. at 1409; see Custodio v. State, 644 S.E.2d 36, 39 (S.C. 2007) (discussing the State's ability to withdraw from a plea bargain arrangement).

Page 14 of 18

PJG

3.  **Ground Two**

In support of his second ground for relief, Littlejohn argues that the South Carolina Supreme Court denied him his right to due process and equal protection. Specifically, Littlejohn first argues that the state Supreme Court violated his rights by granting the State's motion to correct the record and file a supplemental appendix. In its motion, the State sought to amend the transcript of Littlejohn's guilty plea pursuant to Rule 224, SCACR, due to an alleged typographical error. The original transcript included the following sentence: "The state and his attorney, Mr. Roger Poole, have negotiated a sentence of five years to run concurrent on all of these charges." (App. at 109; ECF No. 23-2 at 9.) The State argued that "five" years was a typographical error and that the transcript should have stated "fifteen" years. Littlejohn relied on the five-year statement in the transcript to support his argument that there was another plea offer that his plea counsel never conveyed to him that he would have accepted. After receiving argument from all parties, the South Carolina Supreme Court granted the State's motion, referring to the amendment as correcting a scrivener's error.

In response to the respondent's motion for summary judgment, Littlejohn argues that the South Carolina Supreme Court violated his constitutional rights by improperly granting the State's motion. Specifically, he appears to allege that the issue was not properly preserved or properly granted under state law. The court finds that this argument fails to present a cognizable federal habeas corpus claim. First, "it is not the province of a federal habeas corpus court to re-examine state-court determinations of state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review), cited in Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998). Moreover, Littlejohn has failed to

demonstrate that the state Supreme Court's decision was so fundamentally unfair that it resulted in a denial of due process. See 28 U.S.C. § 2254(a) (stating that a writ of habeas corpus is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

Littlejohn also argues that the state Supreme Court erred in denying his petition for certiorari with regard to his allegation that plea counsel was ineffective in failing to inform him of a five-year plea offer. It appears that this issue was not explicitly discussed by the PCR court and it was not included in Littlejohn's amended PCR application; nonetheless, Littlejohn presented this issue to the PCR court during his testimony and it was included in his Rule 59(e) motion to the PCR court. Therefore, to the extent that Littlejohn has presented the claim that his plea counsel was ineffective in failing to inform him of a five-year plea offer, the court has considered this claim and finds that the record fails to support the existence of such an offer. Therefore, Littlejohn cannot demonstrate that plea counsel was deficient under Strickland on this basis. Accordingly, Littlejohn is not entitled to habeas relief on this ground.

**D.     Motion for an Extension of Time**

Also pending before the court is Littlejohn's motion for an extension of time that he filed contemporaneously with his response in opposition to summary judgment. (ECF No. 34.) In this motion, Littlejohn appears to request additional time to provide further arguments in opposition to summary judgment to enable him to obtain additional evidence to support his claims. As a initial matter, Littlejohn has not been granted leave of the court to conduct discovery in this matter. See Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); see also Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254; Wolfe v. Johnson, 565 F.3d 140, 165 n.36 (4th Cir.

*PJG*

2009).  Moreover, the court observes that its review is generally limited to the evidence that was placed before the PCR court.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1400 n.7 (2011); see also 28 U.S.C. § 2254(d)(2).  Littlejohn has not established that any exception to this general rule applies here.  See Cullen, 131 S. Ct. at 1400-01; see also 28 U.S.C. § 2254(e)(2).  Based on the parties' arguments and in light of the court's discussion of Littlejohn's claims above, this motion should be denied.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 22) be granted and Littlejohn's motion for an extension of time (ECF No. 34) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 7, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).