IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven W. Littlejohn, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 0:11-889-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden of Tyger River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

In this action, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. On October 3, 2011, Respondent filed a motion for summary judgment. (Dkt. No. 22). On November 8, 2011, Petitioner requested and received an extension of time to file a response to Respondent's motion for summary judgment. (Dkt. Nos. 28 and 30). On December 8, 2011, Petitioner filed a response in opposition to Respondent's motion for summary judgment (Dkt. No. 35) and contemporaneously filed a motion for an extension of time to file a response (Dkt. No. 34). On May 7, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted and that Petitioner's motion for an extension of time be denied. (Dkt. No. 38). On May 24, 2012, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 41). As explained herein, the Court has reviewed the record and the relevant law and now adopts the Magistrate Judge's Report and Recommendation in its entirety, grants Respondent's motion for summary judgment, and denies Petitioner's motion for an extension of time.

1

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In the case *sub judice*, Petitioner is a state prisoner who was indicted in May 2006 for possession with intent to distribute cocaine near a school, possession with intent to distribute crack cocaine near a school, possession with intent to distribute crack cocaine, and trafficking in cocaine. On May 21, 2007, Petitioner pled guilty pursuant to a negotiated plea agreement and received a fifteen year sentence. (Dkt. No. 23-2 at 14-31). Petitioner did not file a direct appeal but did file an application for post-conviction relief ("PCR"), arguing that he received ineffective assistance of counsel. On April 8, 2008, the PCR court held an evidentiary hearing at which Petitioner testified and was represented by counsel. On August 21, 2008, the PCR judge denied and dismissed with prejudice Petitioner's PCR application, holding in a written order that Petitioner had not established any constitutional violations which would warrant granting Petitioner's application. (Dkt. No. 23-1 at 3-10). Subsequently, Petitioner filed a Rule 59(e)

motion to alter or amend the order of dismissal, and the PCR court denied Petitioner's motion. (*Id.* at 11).

On June 24, 2009, Petitioner filed a petition for a writ of certiorari with the South Carolina Supreme Court. (Dkt. No. 23-4). On September 9, 2009, the State filed a motion to correct the record and file a supplemental index based on a scrivener's error in the guilty plea transcript which stated that Petitioner received a five year sentence instead of a fifteen year sentence. (Dkt. No. 23-5). Petitioner filed a response in opposition to the State's motion. (Dkt. No. 23-6). On January 21, 2010, the South Carolina Supreme Court granted the State's motion and denied Petitioner's petition for a writ of certiorari as to certain arguments while reserving ruling on one argument until the State filed its return. (Dkt. No. 23-8). On June 25, 2010, the South Carolina Supreme Court denied the remaining issue raised in Petitioner's petition for a writ of certiorari. (Dkt. No. 23-12). Petitioner's motion for reconsideration was denied on July 22, 2010. (Dkt. No. 23-14).

In his petition for a writ of habeas corpus, Petitioner first asserts that the state court incorrectly denied his ineffective assistance of counsel claim based on the representation which Petitioner received from J. Roger Poole, Esquire during the pretrial and plea negotiation phase of the State's case against Petitioner. Specifically, Petitioner argues that the South Carolina Supreme Court violated his Sixth Amendment and due process rights by denying his claims of ineffective assistance of counsel. As thoroughly explained in the Magistrate Judge's Report and Recommendation, the basis for Petitioner's ineffective assistance of counsel claim is that Attorney Poole failed to inform Petitioner that the State's original plea offer – which included a reduction of a charge and a sentencing range of seven to thirty years' imprisonment – had an expiration date. Petitioner asserts that Attorney Poole's failure to inform him that this plea offer

3

had an expiration date resulted in Petitioner waiting until the day of trial to attempt to accept the offer, at which point the State, in its discretion, stated that the original offer had expired, and Petitioner was forced to accept a less favorable plea offer of a fifteen year negotiated sentence.[1] Petitioner also asserts that Attorney Poole failed to adequately investigate his case.

To succeed on a claim for ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The United States Supreme Court has emphasized that, while surmounting *Strickland*'s high bar is never an easy task, establishing that a state court's application of *Strickland* was unreasonable under § 2254 "is all the more difficult." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* (internal citations omitted). When a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* The Court has carefully considered the relevant law and the record, including the PCR court's explanation for why it rejected Petitioner's ineffective assistance of counsel claim, and the Court agrees with the Magistrate Judge's finding that Petitioner has failed to meet the high standards created by *Strickland* and § 2254(d).

In addition to ineffective assistance of counsel, Petitioner requests habeas corpus relief on the basis that the South Carolina Supreme Court denied Petitioner his right to due process and

---

[1] Attorney Poole has indicated that he encouraged Petitioner to accept the original plea offer and was surprised when the State informed him that the original offer had expired. (Dkt. No. 23-1 at 66-67).

equal protection by granting the State's motion to correct the record and file a supplemental index. In its motion, the State requested that the Court amend the transcript of Petitioner's guilty plea hearing pursuant to South Carolina Appellate Court Rule 224 based on a scrivener's error. The original transcript stated that Petitioner and his attorney "negotiated a sentence of five years to run concurrent on all of these charges." (Dkt. No. 23-2 at 9). The State argued that "five" years was a scrivener's error and that the transcript should have stated "fifteen" years. In response to the State's motion, Petitioner argued that there was another plea offer of five years that his plea counsel never conveyed to him and that he would have accepted. After hearing the arguments of the parties, the South Carolina Supreme Court granted the State's motion, finding that the reference to "five" years was a scrivener's error. Petitioner now requests habeas corpus relief, arguing that the South Carolina Supreme Court violated Petitioner's constitutional rights by improperly granting the State's motion. However, "it is not the province of a federal habeas corpus court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Further, Petitioner has not shown that the South Carolina Supreme Court's decision was so fundamentally unfair that it resulted in a denial of due process. *See* 28 U.S.C. § 2254(a) (providing that a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States).[2]

---

[2] The Court has reviewed and considered Petitioner's objections to the Report and Recommendation. (Dkt. No. 41). The Court finds that Petitioner's objections largely amount to a rehashing of arguments which Petitioner made in his petition and in his response in opposition to Respondent's motion for summary judgment. The Court does not find that any of Petitioner's objections undermine the recommendations and rationale set forth in the Magistrate Judge's Report and Recommendation.

Finally, the Court denies Petitioner's motion for an extension of time. Petitioner's motion appears to be based on Petitioner's desire to request discovery from the State. However, Petitioner has not requested and has not been granted leave of the court to conduct discovery in this case. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.").

## Conclusion

Having reviewed the relevant case law and the record, the Court agrees with and wholly adopts the Magistrate Judge's Report and Recommendation. Accordingly, Respondent's motion for summary judgment is granted, Petitioner's petition for a writ of habeas corpus is dismissed with prejudice, and Petitioner's motion for an extension of time is denied.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 30, 2012

Charleston, South Carolina